**William Anthony EVANS,
Plaintiff–Appellant,**

**v.**

**Glenn DOWD, Nassau County Police
Officer # 123, Defendant–
Appellee.**

**Docket No. 01–7097.**

United States Court of Appeals,
Second Circuit.

March 22, 2002.

William Anthony Evans, Pro Se, Danne-mora, NY, for Appellant.

Gerald R. Podlesak, County Attorney's Office, Nassau County, Mineola, NY, for Appellee.

Present McLAUGHLIN, F.I. PARKER and POOLER, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the decision of said District Court be and it hereby is AF-FIRMED.

Plaintiff–Appellant William Anthony Evans ("Evans") appeals from the judgment of the district court entered January 16, 2001 granting the motion for summary judgment of Defendant–Appellee Glenn Dowd, a Nassau County Police Officer. *Evans v. Dowd,* No. CV 98–1261, slip op. at 7 (E.D.N.Y. Jan. 8, 2001).

The district court dismissed Evans' 42 U.S.C. § 1983 claim as barred by *Heck v. Humphrey,* 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994) because, if Evans were to prevail, the validity of Evans' criminal conviction would be undermined. Evans concedes that a portion of his claim is barred by *Heck,* but contends that a portion of his claim is still viable against those defendants who acted, post-conviction, to improperly deny his New York Freedom of Information Law requests. To the extent that his § 1983 claim is not barred by *Heck,* we nonetheless affirm the district court because Evans can point to no constitutional right that was violated by the defendant's failure to fulfill his document request.

For the reasons set forth above, the judgment of the district court is AF-FIRMED.